

2005 Decisions

10-17-2005

# Travelers Indemnity v. SCS Realty Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Travelers Indemnity v. SCS Realty Corp" (2005). *2005 Decisions.* Paper 400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-3623

TRAVELERS INDEMNITY COMPANY
as subrogee of Mario's Shoe Outlet, Inc.,
Appellant

v.

S.C.S. REALTY CORPORATION
and THE CORNER CAFÉ

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 03-CV-5021)
District Court: Hon. William J. Martini

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2005

Before: ROTH, McKEE & FISHER, Circuit Judges

(Opinion filed: October 17, 2005)

OPINION

McKEE, Circuit Judge.

Travelers Indemnity Corporation ("Travelers") appeals the district court's grant of

summary judgment based upon the court's determination that the lease agreement

between S.C.S. Realty Corporation ("SCS") and Mario's Shoe Outlet, Inc. barred

Travelers' subrogation claim. For the reasons that follow, we will affirm.

**I.**

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. In a succinct opinion filed August 12, 2004, the district court explained that it was granting summary judgment against Travelers because "[t]he plain language of clause 11 [of the lease] indicates that SCS. cannot be held liable for any tenant's negligence, or its own negligence, and the Court will enforce clause 11 as it was written. *See Cumberland County Improvement Authority v. GSP Recycling Co.,* 358 N.J. Super. 484, 496 (App. Div. 2003)." This appeal merits little further discussion, and we will affirm the district court substantially for the reasons set forth in its opinion.

We do note, however, that Travelers argues that the applicable provisions of the lease only apply to negligence and therefore do not shield SCS from liability for its own gross negligence and wanton and/or willful misconduct. We disagree.

In *Tessler and Son, Inc. v. Sontirol Security Systems of Northern New Jersey, Inc.*, 497 A.2d 530, 533-34 (N.J. Super.Ct.App.Div. 1985), the Superior Court of New Jersey, Appellate Division, held that any exculpatory clause that bars suits for negligence also bars suits for "very negligent, or grossly negligent performance." That applies to Travelers' attempt to rescue its claims from the reach of Clause 11. However, *Tessler* specifically stated that claims for wanton and/or willful misconduct are not barred by an exculpatory clause that only addresses negligent performance. *Id.* at 533. The Supreme Court of New Jersey has defined wanton and/or willful misconduct in *McLaughlin v. Rova Farms, Inc.*, 266 A.2d 284, 305 (N.J. 1970), as follows:

> It must appear that the defendant with knowledge of existing conditions, and conscious from such knowledge that injury will probably or likely result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or *omits to discharge some duty which produces the injurious result*.

(Emphasis added). Accordingly, we hold that the district court correctly determined that Travelers' claim of willful and/or wanton misconduct fails as a matter of law because SCS had no duty to ensure that The Corner Café ("Corner") installed the fire prevention equipment based upon the lease agreement between SCS and Corner. That lease required Corner to comply with all laws and regulations and specifically to follow all required directives to prevent a fire. However, the clause specifically placed the burden of compliance on Corner, the tenant. There is no language requiring SCS to purchase and install a fire suppression system, nor is there any language requiring SCS to monitor Corner's compliance.

Travelers also argues that the district court committed reversible error when it granted the motion for summary judgment prior to discovery. Travelers believes that it could have proved that SCS knew that no fire prevention system existed and that SCS nevertheless failed to act with reckless indifference to the consequences. However, as we have already explained, the district court correctly determined that Travelers' claims for negligence and gross negligence covered in the applicable provisions of SCS's lease. Accordingly, any claim for wanton and/or willful misconduct also fails as a matter of law because of the operation lease between SCS and Corner. Accordingly, the district court

3

did not err in realizing the futility of discovery and granting summary judgment.

## III. CONCLUSION

For all of the above reasons, we will affirm the District Court's judgment granting SCS Realty Corporation's motion for summary judgment.